# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MERCANDY GAETAN

    Petitioner,

v.                                                               CASE NO.  8:16-cv-1447-T-24TGW
                                                                                                                                        8:08-cr-536-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

    Petitioner Mercandy Gaetan, represented by counsel, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 6, 2016. The United States filed a motion to dismiss the § 2255 motion as untimely, to which Petitioner filed a response. With the Court's permission, the United States filed a reply to Petitioner's response.  After due consideration, the Court finds Petitioner's motion should be dismissed as untimely.

    Petitioner pled guilty to conspiracy to commit robbery in violation of 18 U.S.C. §1951(a) (count one), robbery in violation of 18 U.S.C. § 1951(a) and 2 (count two), carrying and brandishing a firearm during and in relation to a crime of violence or aiding and abetting another to do so in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (count three), robbery in violation of 18 U.S.C. § 1951(a) and 2 (count four), and carrying and brandishing a firearm during and in relation to a crime of violence or aiding and abetting

another to do so in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (count five). The underlying offenses for the § 924(c) counts were the armed robberies of Race Trac gas and convenience stores (counts two and four). The Court sentenced Petitioner to a term of imprisonment of 435 months on October 20, 2009. Petitioner filed a direct appeal. Petitioner's judgment and sentence were affirmed in part and dismissed in part on June 10, 2010.

Petitioner now seeks relief under the auspices of § 2255. He claims that because the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutionally vague, a similarly worded statute, 18 U.S.C. § 924(c)(1)(3)(B), is also unconstitutionally vague, and his sentence should be set aside. Petitioner's claim for relief rests on the decision in Johnson v. United States, 135 S.Ct. 2551 (2015), in which the Supreme Court held that the residual cause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in Welch v. United States, 136 S.Ct. 1257 (2016). Petitioner seeks to extend the holdings in Johnson and Welch to 18 U.S.C. § 924(c) on collateral review. However, Petitioner's motion is untimely in that his conviction has been final for more than six years, and he cannot satisfy the exception to the one year statute of limitations under 28 U.S.C. § 2255(f)(3).

Johnson affords Petitioner no collateral relief with regard to his § 924(c) conviction. First, Johnson did not address the statute under which Petitioner was convicted. Instead, Johnson ruled on the constitutionality of the residual clause of the

ACCA, § 924(e)(2)(B)(ii). The Supreme Court has never held that any part of § 924(c) is unconstitutionally vague. Nor has the Eleventh Circuit Court of Appeals extended Johnson's vagueness determination to § 924(c).

In addition, Petitioner's convictions under § 924(c)(1)(A)(ii) are valid regardless of whether the residual clause of § 924(c)(3)(B) is unconstitutionally vague in light of Johnson. Petitioner's convictions in counts three and five are based on armed robberies charged in counts two and four of the same indictment, and the robberies constitute crimes of violence under the use, attempted use, or threatened use of force clause of § 924(c)(3)(A) not the residual clause in §924(c)(3)(B). See In re Fleur, 824 F.3d 1337, 1341 (11th Cir. 2016) ("In sum, Saint Fleur pled guilty to using, carrying, and discharging a firearm during the Hobbs Act robbery set forth in Count 4, which robbery offense meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A). This means Saint Fleur's sentence would be valid even if Johnson makes the § 924(c)(3)(B) residual clause unconstitutional."). The Court also finds the case of In re Hines instructive in this matter. See In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016) (concluding that a companion conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), clearly qualifies as a crime of violence under the § 924(c)(3)(A) use of force clause without regard to the § 924(c)(3)(B) residual clause).

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) The Government's motion to dismiss Petitioner's § 2255 motion as untimely (CV-Doc. 6) is **GRANTED**.

(2)  Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 155) is **DISMISSED**.

(3)  The Clerk is directed to enter judgment for the United States in the civil case and then to **CLOSE** the civil case.

**DONE AND ORDERED** at Tampa, Florida, on October 20, 2016.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge